**In re SPEAKS.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–56346.

Decided Dec. 30, 1996.

*Sherri Lynne Bevan,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

Opinion and Order of Three–Commissioner Panel.

This appeal came to be heard before this panel of three commissioners on November 7, 1996 upon applicant Patricia D. Speaks's June 10, 1996 objection to the May 17, 1996 decision of the single commissioner.

The single commissioner granted the applicant an award of reparations in the amount of $430.96 for unreimbursed allowable expense incurred between May 12, 1992 and May 26, 1992 for the treatment of the minor victim, Allen Speaks. The panel issued an order on June 28, 1996, certifying payment of this undisputed amount. The single commissioner also found that counseling expenses incurred by the applicant with Dr. Sneh Raj after April 22, 1992, the date the minor victim disclosed that he had suffered sexual abuse, were related to the criminally injurious conduct perpetrated against the minor victim and were subject to reimbursement at the rate of ninety percent, according to the medical information report submitted by Dr. Raj. Further, the single commissioner determined that predisclosure counseling expenses incurred by the applicant, for her own treatment, were not subject to reimbursement from the reparations funds, stating that the predisclosure expenses could not have been for the rehabilitation of the victim if the criminally injurious conduct was unknown.

Neither the applicant, nor anyone on her behalf, appeared at the hearing. The Attorney General attended the hearing and moved to waive oral argument. Following a brief discussion of the claim, the motion was granted, and the panel chairman concluded the hearing.

After consideration of the claim file, this panel makes the following determination.

The applicant's minor son was sexually abused by his uncle between 1989 and April 1992. The victim began acting out, aggressively and sexually. In an attempt to respond to her son's needs, the applicant sought counseling with Dr. Raj. The victim also obtained counseling for her son with another provider. In approximately April 1992, the victim revealed in counseling that he had been sexually abused by his uncle between 1989 and 1992.

The applicant began her counseling with Dr. Raj in September 1990, prior to the April 1992 disclosure by her son of the abuse he had suffered. The

applicant's counseling continued through June 1993. The file contains an October 18, 1995 mental health report completed by Dr. Raj, which states that fifty percent of services rendered between September 1990 and April 1992 were related to the abuse perpetrated against the applicant's son, and ninety percent of the counseling services after that date were related to the abuse. The file also contains a July 30, 1994 letter from Dr. Raj, stating that approximately one-half of the pre-April 1992 counseling expenses were related to the behavioral changes in the applicant's son as a result of the sexual abuse and that, after that date, most of the time in counseling sessions was spent helping the applicant "cope with the severe emotional trauma and was necessary for her rehabilitation in providing proper care of the child."

The Attorney General asserts that the applicant's predisclosure counseling expenses fail to qualify as "allowable expense," as defined by R.C. 2743.51(F), because the expenses were not incurred for the benefit of the minor victim's psychological health. The Attorney General further argues that the applicant sought treatment with Dr. Raj to assist with her own emotional needs as a result of her son's acting out, and this was the limit of the benefit received from the applicant's counseling with Dr. Raj.

R.C. 2743.51(F) defines "allowable expense" as "reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care * * *."

With regard to counseling expenses for services rendered to the parent of a sexually abused minor, *In re Kaman* (1991), 62 Ohio Misc.2d 288, 598 N.E.2d 236, provides that "[e]xpenses incurred in efforts to improve or stabilize a child abuse victim's psychological health constitutes a reimbursable 'allowable expense' under R.C. 2743.51(F)." *Kaman* also states that "[i]f the court is willing to remove an abusive parent from the home, it must also aid in keeping a supportive parent in the child's home, *and if this requires the court to allow reimbursement for items which improve the parent's own emotional or mental well-being as well, then so be it.*" (Emphasis added.)

In the present claim, the applicant sought psychological counseling because of her son's aggressive and sexually inappropriate behavior. After a year of therapy, the victim revealed that he had been sexually abused by his uncle. The victim's behavioral problems were linked to the abuse he had suffered. The source of the victim's problems was the same, whether or not that source was revealed to the applicant or her treating psychiatrist for the full course of the applicant's counseling. That the applicant sought help at the first sign of trouble is to be commended and signifies the actions of a responsible, caring parent. Had the applicant waited to obtain professional assistance for dealing with her

son's behavior disorder, the victim would have gone almost a year without the benefit of having a parent being counseled in the manner in which to address the victim's behavioral problems. The medical documentation supports the applicant's position that she sought counseling for her son's benefit. *Kaman, supra,* states that an applicant/parent may recover for counseling expenses incurred for the remedial treatment and care of the minor victim and that the applicant/parent may also benefit from the treatment without the latter benefit depriving the applicant of an award of reparations.

For the foregoing reasons, this panel finds that the applicant should be reimbursed for her counseling expenses incurred prior to the victim's disclosure of the criminally injurious conduct to the extent that those expenses relate to the criminally injurious conduct, as indicated by the medical documentation in the file. Therefore, the May 17, 1996 decision of the single commissioner shall be reversed to the extent that it denied reimbursement for the applicant's predisclosure counseling expenses, and the claim shall be remanded to the single commissioner for determination and referred to the Attorney General for further investigation concerning the counseling expenses in question.

IT IS THEREFORE ORDERED THAT:

1. The May 17, 1996 decision of the single commissioner is REVERSED to the extent that it denied the claim for reimbursement of the applicant's counseling expenses incurred prior to the victim's disclosure of his sexual abuse;

2. The May 17, 1996 decision of the single commissioner is AFFIRMED to the extent that it granted an award in the amount of $430.96 for allowable expense and found that the charges for Dr. Raj's post-April 22, 1992 charges were related to the victim's rehabilitation and care;

3. The award of reparations in the amount of $430.96, which was granted by the single commissioner on May 17, 1996 and certified for payment by a panel of commissioners on June 28, 1996, is hereby RATIFIED;

4. This claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation concerning calculation of the counseling expense incurred by the applicant with Dr. Sneh Raj prior to April 22, 1992 that is related to the applicant's remedial treatment and care of the victim;

5. The new finding of fact and recommendation of the Attorney General, addressing the issue presently referred and the issue of postdisclosure counseling expenses referred by the single commissioner on May 17, 1996 shall be filed with the court by February 28, 1997;

6. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

7. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.68 if the applicant incurs economic loss not considered in this determination and not reimbursed from other persons, including collateral sources;

8. Costs assumed by the reparations fund.

*Judgment accordingly.*

KARL H. SCHNEIDER, JAMES H. HEWITT III and DALE A. THOMPSON, Commissioners, concur.